IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEENAN E. JONES,

                 Plaintiff,                          ORDER

    v.

                                                   18-cv-080-wmc

RAY DIAS,

                 Defendant.

---

On February 6, 2018, plaintiff Keenan E. Jones, filed a lawsuit in this court, alleging that defendant Ray Dias breached an agreement to repay Jones money he had borrowed. (Compl. (dkt. #1).)[1] After several unsuccessful attempts to serve defendant personally, plaintiff sought leave to serve by publication pursuant to Federal Rules of Civil Procedure 4(e)(1) and Wis. Stat. § 801.11(c). (Dkt. #6.) The court granted that motion (dkt. #11), and plaintiff completed service by publication and also mailed the complaint and summons to Dias at all known addresses (dkt. #12). After the time had elapsed for defendant to answer or otherwise respond to plaintiff's complaint, default was also entered against Dias. (Dkt. #16.)

Before the court now is plaintiff's motion for default judgment, seeking a total of $130,144.88, which includes principal, interest, late fee charges, attorney's fees and costs, plus monthly interest in the amount of $557.48. (Dkt. #13.)[2] The court held a hearing

---

[1] The court has jurisdiction over this action under 28 U.S.C. § 1332(a). Plaintiff is a citizen of Wisconsin and Dias is a citizen of Georgia (Compl. (dkt. #1) ¶ 4), and the amount in controversy exceeds $75,000 (*id.* at ¶ 11.)

[2] In the original motion, plaintiff requested $128,616.68, but in the most recent declaration, it now appears that plaintiff is seeking $130,144.88, accounting for additional costs of collection.

on plaintiff's motion on January 23, 2019, at which defendant failed to appear. For the reasons that follow, the court will grant in part and deny in part that motion, awarding plaintiff $97,491.82 in damages, reflecting principal, interest and late fee charges, but will decline to include an award of attorney's fees and costs.

Default having been entered against defendant, the court accepts as true all of the factual allegations in the complaint, except those relating to damages. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). In the complaint, plaintiff alleges the dates of the three loans, the interest rate (which the court will treat as annual, simple interest), a late charge penalty, and an agreement to pay attorney's fees and cost of collection. (Compl. (dkt. #1) ¶¶ 5-7.) Although there are no written agreements mentioned in or attached to the complaint, plaintiff submitted two of the three promissory notes in response to the court's request, each of which appear to be consistent with the allegations in the complaint. (Dkt. #21.) Plaintiff also alleges that "Dias paid a total of $24,384.87, with the last payments coming on or about September 5, 2013," and that "[t]his amount paid applies only to partially repay accrued interest." (Compl. (dkt. #1) ¶ 8.)

Plaintiff's declaration submitted in support of summary judgment does not provide any additional information, nor does it show or otherwise explain plaintiff's calculations. (Dkt. #14.) Nevertheless, plaintiff seeks $95,819.39, of which $61,897.00 is principal and $58,307.26 is interest and late charges. (Jones Decl. (dkt. #14) ¶ 2.)

While there remain some questions related to plaintiff's documentation and

---

(*Compare* Proposed Order (dkt. #13-2) *with* Hanson Decl. (dkt. #17).)

calculations, the court calculated the remaining amount owed as slightly more than that requested by plaintiff. As such, the court finds sufficient evidence to support plaintiff's requested damages award of $95,819.39, reflecting the amount owed as of December 31, 2018. The court will also add an additional $1,672.43, reflecting interest accrued at the rate of $557.48 per month since December 31, 2018, which results in a total damages award of $97,491.82.

Finally, plaintiff seeks attorney's fees in the amount of $31,989.80, representing one-third of the damages award. In support, plaintiff points out that the loan and agreements called for defendants to pay "all reasonable attorney fees and costs of collections" (*see, e.g.*, Compl. (dkt. #1) ¶ 5), and that the documents submitted in support of default judgment are consistent with this allegation (*see* dkt. #21-1 at 1). Plaintiff's counsel also explained that "[m]y retention agreement with Jones calls for one third of the judgment amount to be paid for my firm's time, as well as expenses." (Hanson Decl. (dkt. #17) ¶ 2.)

Following the January 23 default judgment hearing, the court directed plaintiff's counsel to submit the retention agreement and "to provide legal support for his proposition that an award of 1/3 of the amount owed in principal and interest on the loans constitute reasonable attorney fees and collection costs." (1/23/19 Order (dkt. #22).) As it turns out, that agreement actually obligates plaintiff to pay fees "in an amount equal to . . . one third of all *recoveries*" (dkt. #25 at 1 (emphasis added)), and *no* money has been recovered to date. Given the difficulty in serving the defendant, recovery of any money in the future would appear questionable. Moreover, the cases cited by plaintiff's counsel to support an

award of attorney's fees in the amount of one-third of damages involve settlements, rather than judicial awards of reasonable fees. If anything, requiring a defendant to pay attorney's fees as part of a default judgment based on the terms of a retention agreement between the plaintiff and her own counsel is contrary to accepted practice in at least some courts. *See, e.g.*, *G.E. Cap. Info. Tech. Solutions, Inc. v. Myler Co., Inc.*, No. 1:10-cv-578-TAB-JMS, 2011 WL 649684, at *2-3 (S.D. Ind. Feb. 11, 2011) ("Indiana courts have consistently held that contingency fee arrangements may not be used as the basis for determining the reasonable attorney's fees to be paid by a nonparty to that fee agreement.").

The court also invited plaintiff's counsel to submit "proof of his hours worked on this matter and average hourly fee collected, along with any other collection costs incurred by plaintiff to date." (1/23/19 Order (dkt. #22).) Plaintiff's counsel declined to do so, likely because the fees incurred to date on the drafting of a simple complaint, service of process and filing of a motion for default judgment are far less than the $30,000+ requested. The court, therefore, finds that plaintiff has not adequately supported her request for attorney's fees as a further element of damages.

ORDER

IT IS ORDERED that:

1) Plaintiff Keenan E. Jones' motion for default judgment (dkt. #13) is GRANTED IN PART AND DENIED IN PART. The court awards plaintiff default judgment in the amount of $97,491.82.

2) The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 2nd day of April, 2019.

                BY THE COURT:

                /s/
                _____
                WILLIAM M. CONLEY
                District Judge